UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAY RAMOS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. SPEARMAN,<br><br>        Defendant. | No. 2:19-cv-1662 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The only named defendant is High Desert State Prison ("HDSP") Warden Spearman. Plaintiff alleges that defendant Spearman has refused to grant plaintiff a hearing pursuant to California Proposition 57 in violation of plaintiff's right to equal protection and due process. Plaintiff alleges that he is eligible for a hearing pursuant to Proposition 57. Plaintiff alleges that defendant Spearman is "holding his own regulations," and violating plaintiff's right to a hearing pursuant to Proposition 57 and the Constitution. As relief, plaintiff requests that the California Department of Corrections and Rehabilitation ("CDCR") be compelled to adhere to the law of the land and cease their underground policies.

In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, § 32(a)(1). The implementing regulations define a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." Cal. Code Regs. tit. 15, § 3490 (2019).[1]

Under Proposition 57, the "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187 (Cal. App. 2018), and, therefore, is not a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Accordingly, a Three Strikes indeterminate sentence must be put aside" for

---

[1] The undersigned finds that plaintiff's claim is properly brought in a civil rights action because a finding in plaintiff's favor, i.e., that he is entitled to a parole hearing pursuant to Proposition 57, will not necessarily lead to his immediate or speedier release from custody. See Nettles v. Grounds, 830 F.3d 922, 932 (9th Cir. 2016 (en banc) (claim that would not necessarily lead to immediate or speedier release from custody falls outside the core of habeas corpus).

purposes of determining the full term of a prisoner's primary offense.  Id. at 1192.

Further, following the California Court of Appeal decision in In re Edwards, 26 Cal. App. 5th 1181 (Cal. App. 2018) (finding that inmates serving Three Strike sentences for nonviolent offenses are constitutionally entitled to parole consideration under Proposition 57), CDCR enacted emergency regulations to accord parole consideration to nonviolent offenders indeterminately sentenced pursuant to the Three Strikes Law.  See Proposed Regulations, Cal. Code Regs. tit. 15, §§ 3495-97.  These regulations were given temporary emergency effect on January 1, 2019, pending final adoption.

The CDCR also promulgated regulations establishing a screening process for inmates who would be referred for parole consideration under Proposition 57.[2]  See Cal. Code Regs. tit. 15, § 3492 (2019); see also In re McGhee, 34 Cal. App. 5th 902, 907 (2019).  "However, in April 2019, the California Court of Appeal, applying principles of administrative law, held that the CDCR regulation establishing the screening process was invalid and ordered that the plaintiff in that case, an inmate whom prison officials had refused to refer to the Parole Board for parole consideration under Proposition 57, be referred within 60 days."  Stewart v. Borders, 2019 WL 3766557 at *3 (C.D. Cal. 2019) (citing In re McGhee, 34 Cal. App. 5th at 839.)   "In July 2019, the CDCR released an 'Implementation Plan for the McGhee Decision.'"  Id.  "According to the

---

[2]  "Under these regulations, an inmate is eligible for referral to the Parole Board only if all of the following are true: (1) The inmate is not currently serving a Security Housing Unit term; (2) The Institutional Classification Committee has not assessed the inmate a Security Housing Unit term within the past five years, unless the department assessed the Security Housing Unit term solely for the inmate's safety; (3) The inmate has not served a Security Housing Unit term in the past five years, unless the department assessed the Security Housing Unit term solely for the inmate's safety; (4) The inmate has not been found guilty of a serious rule violation for a Division A-1 or Division A-2 offense as specified in subsection 3323(b) or 3323(c) within the past five years; (5) The inmate has not been assigned to Work Group C as specified in subsection 3044(b)(4) in the past year; (6) The inmate has not been found guilty of two or more serious Rules Violation Reports in the past year; (7) The inmate has not been found guilty of a drug-related offense as specified in section 3016 or refused to provide a urine sample as specified in subsection 3290(d) in the past year; (8) The inmate has not been found guilty of any Rules Violation Reports in which a Security Threat Group nexus was found in the past year; and (9) The inmate's nonviolent parole eligible date falls at least 180 calendar days prior to his or her earliest possible release date and the inmate will not reach his or her earliest possible release date for at least 210 calendar days."  Stewart, 2019 WL 3766557 at 3 n. 4 (citing Cal. Code Regs. tit. 15, § 3492(c) (2019).)

1  CDCR's Implementation Plan, effective July 9, 2019, the CDCR will no longer apply behavior
2  based public screening criteria to eligible nonviolent offenders and all indeterminately-sentenced
3  nonviolent offenders who are eligible for parole consideration under Proposition 57 will be
4  referred to the Parole Board for a parole hearing 180 days prior to their Nonviolent Parole
5  Eligible Date, unless they have previously been scheduled for a parole hearing or will be eligible
6  for a parole hearing within the next 12 months under any other provision of law" Id.

7  In the instant action, plaintiff does not explain or describe the regulations defendant
8  Spearman allegedly created based on which defendant denied plaintiff's request for a hearing
9  pursuant to Proposition 57. As discussed above, effective July 9, 2019, CDCR began applying
10 new regulations in response to the opinion of the California Court of Appeal in In re McGhee. If
11 plaintiff is challenging the regulations applied by CDCR prior to July 9, 2019, his claim that
12 defendant Spearman wrongly denied him a hearing pursuant to Proposition 57 appears moot.

13 In any event, in similar cases in which prisoners have filed Section 1983 complaints
14 challenging the constitutionality of CDCR's application of Proposition 57 to their cases, federal
15 courts have found that the prisoner-plaintiffs failed to allege a cognizable claim under Section
16 1983 because the crux of their complaints concerned an alleged violation of state law. See, e.g.,
17 Russell v. Diaz, 2019 WL 2613592, at *3 (E.D. Cal. 2019); Herrera v. California State Superior
18 Courts, 2018 WL 400320 (E.D. Cal. 2018); Daniels v. California Department of Corrections and
19 Rehabilitation, 2018 WL 489155 (E.D. Cal. 2018); see also Galen v. Cty. of Los Angeles, 477
20 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of
21 federal law, not state law."). Plaintiff's complaint fails for the same reason. Although it
22 mentions Due Process and Equal Protection, the crux of the complaint is that defendant
23 Spearman's actions violated California law, not that he deprived plaintiff of due process or
24 otherwise infringed his federal constitutional rights. Cf. Langford v. Day, 110 F.3d 1380, 1389
25 (9th Cir. 1996) (stating that a habeas petitioner cannot "transform a state-law issue into a federal
26 one merely by asserting a [constitutional] violation").
27 ////
28 ////

Although it is not likely that plaintiff can cure the pleading defects discussed above, the complaint is dismissed with leave to amend. If plaintiff files an amended complaint, plaintiff must describe the regulations defendant Spearman allegedly applied to wrongly deny plaintiff's request for a hearing pursuant to Proposition 57. Plaintiff must also allege how this conduct violated his constitutional rights.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 20, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ram1662.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAMOS,<br><br>        Plaintiff,<br><br>  v.<br><br>M. SPEARMAN,<br><br>        Defendant. | No. 2: 19-cv-1662 JAM KJN P<br><br><br>NOTICE OF AMENDMENT |

     Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED:   _____  Amended Complaint

                                              _____
                                              Plaintiff