UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAY RAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. SPEARMAN,<br><br>    Defendant. | No. 2: 19-cv-1662 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 11.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

In the original complaint, plaintiff claimed that defendant Spearman, the Warden at High Desert State Prison ("HDSP"), refused to grant plaintiff a parole hearing pursuant to California Proposition 57 in violation of plaintiff's right to equal protection and due process. (ECF No. 8 at 3.) Plaintiff claimed that defendant Spearman was "holding his own regulations," and violating plaintiff's right to a parole hearing pursuant to Proposition 57 and the Constitution. (Id.)

In the order dismissing plaintiff's complaint with leave to amend, the undersigned discussed Proposition 57. The undersigned observed that in 2016, California voters enacted Proposition 57 which changed California parole eligibility rules by adding section 32 to article 1 of the California Constitution. (Id. at 3.) Section 32 provides,

1

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const., art. I, § 32.

The implementing regulations define a "violent felony" as a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code. Cal. Code Regs. tit. 15, § 3490 (2019).

The undersigned dismissed the original complaint because plaintiff did not explain or describe the regulations defendant Spearman allegedly created and used to deny plaintiff's request for a hearing pursuant to Proposition 57. (ECF No. 8 at 5.) The undersigned also observed that, in similar cases in which prisoners filed Section 1983 complaints challenging the constitutionality of CDCR's application of Proposition 57 to their cases, federal courts found that the prisoner-plaintiffs failed to allege a cognizable claim under Section 1983 because the crux of their complaints concerned an alleged violation of state law. (Id. at 5.)

As in the original complaint, the only named defendant in the amended complaint is Warden Spearman. (ECF No. 11 at 1.) Although plaintiff does not identify Proposition 57 in the amended complaint, it is clear that plaintiff again challenges defendant Spearman's alleged failure to grant him a hearing pursuant to Proposition 57. Plaintiff appears to allege that prison officials

denied him a Proposition 57 parole hearing because they wrongly used an enhancement to classify plaintiff as a violent offender.[1]  (Id. at 2.)

Attached to the amended complaint as an exhibit is a document titled "Legal Status Summary."  (Id. at 4.)  This document states that in 2018, plaintiff was convicted of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), infliction of great bodily injury (Cal. Penal Code § 12022.7(a)), and committing a street gang act in the commission of a violent felony (Cal. Penal Code § 186.22(b)).

Plaintiff appears to argue that his conviction for assault with a deadly weapon determines whether he is entitled to a Proposition 57 hearing, and not his enhancement.  Plaintiff apparently argues that assault with a deadly weapon is not listed as a violent felony in California Penal Code § 667.5(c).

Plaintiff is correct that a conviction for assault with a deadly weapon is not listed as a violent felony in § 667(c).  However, § 667(c)(8) classifies as a violent felony, "any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved in Section 12202.7…"  Thus, it appears that plaintiff's conviction for violating § 12022.7 renders him ineligible for parole consideration under Proposition 57.

It also appears that plaintiff may be arguing that Section 32 requires that his primary offense, i.e., assault with a deadly weapon, determines whether he is entitled to a Proposition 57 hearing, and not his enhancement.  As discussed herein, this argument is based on an incorrect reading of Section 32.

Section 32(a)(1), quoted above, states that a person convicted of a nonviolent felony is eligible for parole consideration after completing the *full term for their primary offense*.  Section 32(a)(2) states that the *full term of the primary offense* means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive

---

[1]  Plaintiff's claim is properly brought in a civil rights action because a finding in plaintiff's favor, i.e., that he is entitled to a parole hearing pursuant to Proposition 57, will not necessarily lead to his immediate or speedier release from custody.  See Nettles v. Grounds, 830 F.3d 922, 932 (9th Cir. 2016) (en banc) (claim that would not necessarily lead to immediate or speedier release from custody falls outside the core of habeas corpus).

sentence or alternative sentence.  Thus, consideration of enhancements is not permitted when determining the full term of a primary offense.  Section 32 does not state that enhancements may not be considered when determining whether a felony is violent or nonviolent.  See McCarary v. Kernan, 2017 WL 4539992, at *3 (E.D. Cal. Oct. 11, 2017).

Even assuming defendant Spearman and/or the California Department of Corrections and Rehabilitation ("CDCR") improperly denied plaintiff a Proposition 57 parole hearing, plaintiff has not stated a potentially colorable claim for relief.  In similar cases in which prisoners have filed Section 1983 complaints challenging the constitutionality of CDCR's application of Proposition 57 to their cases, federal courts have found that the prisoner-plaintiffs failed to allege a cognizable claim under Section 1983 because the crux of their complaints concerned an alleged violation of state law.  See, e.g., Stewart v. Borders, 2019 WL 3766557, at *5 (C.D. Cal. Aug. 9, 2019); Russell v. Diaz, 2019 WL 2613592, at *3 (E.D. Cal. June 26, 2019); McCarary v. Kernan, 2017 WL 4539992 (E.D. Cal. Oct. 11, 2017); Herrera v. California State Superior Courts, 2018 WL 400320, at *4 (E.D. Cal. Jan. 12, 2018); Daniels v. California Department of Corrections and Rehabilitation, 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018)); see also Galen v. Cty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.").  Plaintiff's amended complaint fails for the same reason.  The crux of plaintiff's complaint is that defendants violated state law, not that they deprived plaintiff of federal constitutional rights.  Cf. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating that a habeas petitioner cannot "transform a state-law issue into a federal one merely by asserting a [constitutional] violation").

Because it is clear that plaintiff cannot cure the pleading defects described above, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty** days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 25, 2020

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ramos1662.56

5